JOHNSON AND OTHERS *v.* PINNEY AND OTHERS.

Where a party is in contempt, the court will not grant an application in his favor, which is not a matter of strict right.

If he applies to the court for a favor, it will only be granted on condition that he purges his contempt, by complying with the former order of the court.

THE order to close the proofs in this cause had been reg- December 5th. ularlarly entered by the complainant's solicitor.

*M. T. Reynolds*, for the defendant Pinney, on an affidavit of merits, stating special circumstances, applied for a commission to take the testimony of a witness whose residence could not be discovered before the proofs were closed.

*J. Rhoades*, for the complainants, resisted the application on the ground, among others, that the defendant was in contempt for not paying a bill of costs, on a motion previously made by him to dissolve the injunction in this suit.

THE CHANCELLOR :—It is a general rule that a party cannot apply to the court for a favor while he is in contempt. (*Vowles* v. *Young*, 9 Ves. 173 ; Prac. Reg. 138 ; *Green* v. *Thompson*, 1 Sim. & Stu. 121.) And the complainant is not obliged to accept an answer until the party has cleared his contempt for neglecting to appear or answer. If the party does not insist upon his costs, but accepts the answer, and proceeds thereon, he cannot afterwards object that those costs have not been paid. (*Anonymous*, 15 Ves. 174 ; *Smith* v. *Blofield*, 2 Ves. & B. 100.) In this case the proofs have been regularly closed. The defendant is in contempt for not paying the costs of a former motion which failed. An *attachment was issued for the costs, but they [*647] have not been paid. The favor now asked of the court ought not to be granted until the defendant clears himself of his contempt, by the payment of those costs. I do not

CASES IN CHANCERY.

intend to be understood as applying this principle to an application which is a matter of strict right; as a motion to set aside proceedings for irregularity; or to dismiss a bill for want of prosecution.

The motion for leave to examine this witness must be granted, without prejudice to the complainant's right to proceed to a hearing the first opportunity. But the order for leave is only upon payment of the costs of opposing this motion; and the costs necessary to be paid to purge the defendant's contempt.